**In re Charles J. WALSH, Debtor.**

**Bankruptcy No. 80–00090.**

United States Bankruptcy Court,
District of Columbia.

July 11, 1980.

Robert O. Tyler, Washington, D. C., for himself as trustee.

Roy B. Zimmerman, Alexandria, Va., for debtor Charles J. Walsh.

MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Court for hearing on an application for appraisal, pursuant to Local Bankruptcy Rule 24(b), filed by the trustee in bankruptcy, Robert O. Tyler, Esq., and the opposition thereto, filed by the debtor, Charles J. Walsh. Although

---

an application for an appraisal by the trustee may ordinarily be granted without a hearing, a dispute has arisen in the instant case with respect to the standard of valuation to be applied to property claimed by the debtor as exempt under 11 U.S.C. 522. The trustee's application seeks an appraisal of these assets at fair market value,[1] rather than liquidation value, on which basis a previous appraisal was made. There is no dispute as to the "disinterestedness" or qualifications of the appraiser.

The facts of record are as follows: An involuntary petition under Ch. 7 was filed against the debtor on March 14, 1980. An order for relief was entered, upon consent, on April 17, 1980, and the debtor filed a statement of affairs and schedules on May 16, 1980. A meeting of creditors pursuant to 11 U.S.C. 341 was set for May 28, 1980, and a fifteen-day period after the date of this meeting was set for the filing of objections to the debtor's claim of exempt property. (See Order dated May 16, 1980.) The trustee's application for appraisal was filed on June 17, 1980.

## I. Timeliness of the Trustee's application

The first issue raised by the debtor is that the trustee's application is essentially an objection to the debtor's claim for exemptions, and, as such, is untimely filed. The trustee argues that (1) his application merely seeks a clarification of the statutory provision governing the value of exemptions and is not, in itself, an objection to the debtor's claim of exemptions; (2) if the application is deemed an objection, even then, it is timely filed, as the fifteen-day time limit is intended to apply to objections which could have been made on the basis of information reflected in the schedules. The trustee submits that, since the issue which he raises was not discoverable until after the fifteen-day period had elapsed, his application is not barred.

■ The court, however, is of the opinion that the application in this case, although not captioned as an objection to the claimed exemptions, is, in substance, an objection, because it calls into question the amounts claimed as exempt on the basis of their valuation. If the assets claimed as exempt exceed the monetary limits set forth in 522(d), then *only* to that extent, they are non-exempt assets.

Although Local Bankruptcy Rule 24 does not contain a time limit for the filing of an objection to claimed exemptions, a limitation is expressly set forth in the order for meeting of creditors, as this tracks the procedure under the old Bankruptcy Act, as set forth in Bankruptcy Rule 403.

The court finds, therefore, that the trustee's application is untimely filed.

Although dispositive of the matter pending before the Court, the crucial significance of the issue raised by the Trustee, as to the definition of value, should be addressed by the Court because of its relevance and likelihood of recurrence in Ch. 7 (liquidation) cases.

## II. Fair Market Value

"Value", for the purposes of the exemption section, is defined as "fair market value as of the date of the filing of the petition." [11 U.S.C. § 522(a)(1)] This definition governs the meaning of "value" only for purposes of this section, and differs from the definition applicable in other sections of the Code. [11 U.S.C. 102(8)] The legislative history does not elaborate on the purpose or significance of this specific definition in Section 522. *See*: H.R.Rep. 595, 95th Cong., 1st Sess.(1977) 360. S.Rep. 989, 95th Cong., 2nd Sess. (1978) 75, U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The rules of statutory construction dictate that, where the language of a statute is clear, the Court should interpret it according to its "plain meaning." However, a statute is to be interpreted as a whole, and one provision should not be construed in a manner inconsistent with the

1. Section 522(a) of the Code defines value as follows: "fair market value as of the date of the filing of the petition." 11 U.S.C. 522(a)(2).

whole. 2A *Sutherland Statutory Construction* (4th Ed.1973) §§ 46.01, 46.05 at 48, 56.

Thus, in construing the meaning of the definition of value in Section 522, the Court must look to the usual and accepted meaning of "fair market value," while taking into consideration the liquidation context and the goals of the Code as as whole. Fair market value has been defined as the "price at which a willing seller and a willing buyer will trade." Fair market value "assumes agreement between owner willing but not obliged to sell for cash and buyer desirous but not compelled to purchase." Black's Law Dictionary 716 (4th Ed.1968). In ascertaining fair market value, "there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in bargaining." *Karlson v. U. S.*, 82 F.2d 330, 337 (8th Cir. 1936), citing *Olson v. U. S.*, 292 U.S. 246, 257, 54 S.Ct. 704, 709, 78 L.Ed. 1236 (1934).

The definition is "not invariable," but "varies with the circumstances surrounding a given object and situation to which it is sought to apply the term." *McDougall Co. v. Atkins*, 201 Tenn. 589, 301 S.W.2d 335, 337 (1957) (valuation for sales tax purposes, of air ducts installed in buildings, held not equivalent to scrap value). "A valuation is always a stage in some proceeding which has a practical purpose." McCormick, *The Law of Damages*, § 43 at 163 (1935). Thus, the Courts have viewed fair market value in the context in which the valuation question has arisen.[2] *See:* McCormick, *The Law of Damages*, § 43, § 44 at 163, 167 (1935).

In light of the rules of statutory construction, this contextual approach to the definition of "fair market value" appears particularly appropriate where the term appears in a statute. *See: Sutherland, supra.*

In the instant case, the trustee argues that the § 522(a)(1) definition of value should be construed literally and independently of the Ch. 7 context, rather than as "liquidation value." Counsel for the debtor, on the other hand, argues that the definition of "market" on the day a bankruptcy petition is filed, is, invariably, an eventual bankruptcy sale. Thus, he submits that the assets claimed as exempt should be appraised according to their liquidation value.

Inasmuch as the purpose of valuation under the exemption provisions is ultimately to determine whether such property is subject to liquidation by the trustee because it is in excess of specified monetary amounts, the Court believes that the term "fair market value," as it is used to define "value" in Section 522, must be interpreted in the liquidation context in a Chapter 7 case.[3]

Therefore, the Court finds that, in the instant case, "fair market value," as the term is used in Section 522, is equivalent to liquidation value. Accordingly, the trustee's application for an appraisal is denied.

---

2. The term's meaning in the exemption provision would thus not necessarily be consistent with its meaning in the determination of insolvency under the Old Act, for instance. Cf.: 1 *Collier on Bankruptcy* ¶ 1.19 at 122–125 (14th Ed.)

3. This is illustrated by the following hypothetical situation. A debtor owns an automobile, free and clear of any lien, which, if sold under *ordinary* market conditions—the willing buyer and willing seller approach to the fair market value—would yield $2,000. The debtor, pursuant to 11 U.S.C. 522d(2), claims the auto as exempt to the extent of $1,200. If the Court deems the asset to be worth $2,000 because of a theoretical fair market value standard and authorizes a sale by the Trustee, the resulting sale, of necessity, in the *actual* forced sale setting, may bring only $1,200—the amount which the debtor is entitled to claim as exempt. Obviously, in this situation, no benefit to the estate is gained because the only amount realized is subject to the debtor's claim of exemption. Accordingly, the only conclusion that can be logically drawn is that fair market value, as defined in 522(a), is subject to bankruptcy market conditions.