**In re Walter J. PARENTEAU and Lillian Parenteau, Debtors-Appellees.**

**Bankruptcy No. 82–9005.**

United States Bankruptcy Appellate Panel for the First Circuit.

Sept. 21, 1982.

William S. Gannon, Wadleigh, Storr, Peters, Dunn & Kohls, Manchester, N. H., for appellant.

Gerard O. Bergevin, Manchester, N. H., for appellees.

Before VOTOLATO, C. J., and JOHNSON and GOODMAN, JJ.

VOTOLATO, Chief Judge.

The issue before the Bankruptcy Appellate Panel is whether the bankruptcy judge erred by including unearned, pre-computed interest as part of the indebtedness secured by a second mortgage on the Debtors' residence, thereby concluding that the Appellant's judicial lien should be avoided because it impairs the Debtors' homestead exemption.

On August 15, 1980, the Hillsborough County Superior Court granted a Petition for Ex Parte Attachment in the amount of $16,000 in favor of the Appellant, Merchants National Bank, which was recorded as a lien against the Debtors' residence. The Debtors filed a joint Chapter 7 petition on December 17, 1980, and claimed a combined $15,000 exemption in their residence, pursuant to 11 U.S.C. § 522(d).[1]

On September 10, 1981, the Debtors filed a complaint in the United States Bankruptcy Court for the District of New Hampshire seeking avoidance of Merchants' judicial lien, contending that the lien impaired their $15,000 real estate exemption. 11 U.S.C. § 522(f).[2]

On December 15, 1981, after a hearing, the bankruptcy judge found the market value of the real estate to be $80,000, and that two mortgages held by United Federal Savings and Loan totaled $65,108.75 as of December 15, 1981. Since the aggregate of the two mortgages plus the Debtors' $15,000 exemption exceeded the value of the real estate, the bankruptcy judge held that the Debtors could avoid Merchants' judicial lien.

---

1. (d) The following property may be exempted under subsection (b)(1) of this section:

    (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . .

    11 U.S.C. § 522(d)(1).

2. (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

    (1) a judicial lien. . . .

    11 U.S.C. § 522(f)(1).

On appeal from the December 15 order, Merchants contends that the bankruptcy judge erred as a matter of law by valuing United's second mortgage at approximately $17,000 [3] (the full term pay-out figure) instead of $9,913.83 (the pay-off figure as of the hearing date). Merchants argues that the use of the higher figure, which includes unearned pre-computed interest, improperly inflates the balance due on the second mortgage.

■ 11 U.S.C. § 522(f) allows the avoidance of a judicial lien on property to the extent that said property could have been exempted in the absence of the lien. H.R. Rep.No.595, 95th Cong., 1st Sess. (1977) 362 *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 6318. To determine the amount of any exemption to which the Defendant may be entitled, existing encumbrances must be deducted from the market value of the property. *See generally, Nellis v. Rosenbaum (In re Nellis),* 12 B.R. 770, (Bkrtcy. D.Conn.1981); *Day v. Boteler (In re Boteler),* 5 B.R. 408, 6 BCD 798 (Bkrtcy.S.D.Ala. 1980); *Lucero v. Security Industrial Bank (In re Lucero),* 4 B.R. 659, 6 BCD 477 (Bkrtcy.D.Colo.1980). In this case, the bankruptcy judge deducted approximately $65,000 from the market value of the subject property. This includes $48,064.92 secured by the first mortgage, and the balance of approximately $17,000 which he determined to be due on the second mortgage. It is our opinion that his finding with respect to the latter figure is erroneous.

■ In determining the amount of equity in property by deducting encumbrances from market value, courts generally use the present balance due (the payoff figure) on existing mortgages. *See generally, Hinson v. Lexington State Bank (In re Hinson),* 20 B.R. 753 (Bkrtcy.D.S.C.1982) (available on LEXIS) (using the current balance of mortgage); *Whitinsville Savings Bank v. Grundstrom (In re Grundstrom),* 14 B.R. 791 (Bkrtcy.D.Mass.1981) (using payoff figure as of hearing date). It is undisputed that the $17,000 found by the bankruptcy court to be the balance due on the second mortgage includes pre-computed interest for the full term of the loan, much of which was unearned as of December 15, 1981.[4] We conclude that unearned interest should not have been included in the computation of the balance due on the second mortgage as of December 15, 1981. The record indicates that the balance due on the second mortgage as of the hearing date was $9,913.83.[5]

Based on the foregoing discussion, the following calculations are appropriate:

| | | |
|---|---|---|
| Market Value | | $80,000.00 |
| Less: | | |
| | 1st Mortgage | 48,064.92 |
| | 2nd Mortgage | 9,913.83 |
| Equity | | $22,021.25 |
| Less: | | |
| | Debtors' Exemption | 15,000.00 |
| Excess over Encumbrances and Exemptions: | | $ 7,021.25 |

If the Bankruptcy Judge had found $9,913.82 as the balance due on the second mortgage (rather than approximately $17,000), mathematically this would have resulted in sufficient equity to allow the Debtors to claim their full exemption and still leave an interest to which the lien in question may attach. Accordingly, to the extent that Merchants' attachment does not impair the Debtors' real estate exemption (approximately $7,000), the order appealed from is reversed and the proceeding remanded to the Bankruptcy Court for fur-

---

3. Approximate figures are used in some instances because of discrepancies between figures used in the bankruptcy judge's Order, the Record, and briefs filed by the parties.

4. The promissory note secured by the second mortgage was to be paid in 94 installments. The Debtors had made 19 payments.

5. The bankruptcy judge specifically asked if the balances reported as due on the two mortgages were as of December 15, 1981. The $48,064.92 balance due on the first mortgage was described as the "principal as of today," and the $9,913.83 due on the second mortgage was termed the "payoff figure." The bankruptcy judge correctly used $48,064.92 as the balance due on the first mortgage, the payoff figure as of December 15, 1981, but used the full payout figure for the second mortgage. Based on our review of the record, it appears that the inconsistency in the bankruptcy judge's use of the latter figure may have been an oversight.

ther proceedings consistent with this opinion.[6]

---

**6.** The error which is the subject of this appeal would probably have been corrected through a motion for reconsideration in the bankruptcy court. When questioned about this at oral argument, the Appellant's attorney stated that such a motion was considered but not filed, because of interoffice delay and miscommunication.