In re William C. HENDERSON and Kenda L. Henderson, Debtors.

Harley H. SWINK, Plaintiff,

v.

William C. HENDERSON and Kenda L. Henderson, Defendants.

Bankruptcy No. 82–00586 MA.
Adv. No. 83–0016.

United States Bankruptcy Court,
D. New Mexico.

Sept. 23, 1982.

**150**

MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the debtors' Motion for appointment of an appraiser and for specification that the appraisal be done at the liquidation value, as of the date of the filing of the petition, of the furniture and personal property in question.

As support for their contention that the appraisal value should be the liquidation value of the property, the debtors cite *In re Walsh,* 2 C.B.C.2d 815, 6 B.C.D. 793, 5 B.R. 239 (Bkrtcy.D.D.C.1980). In *Walsh* the court determined that although § 522 defines value as "fair market value," 11 U.S.C. § 522(a)(1), the context allowed fair market value to be interpreted as "liquidation" value. *In re Walsh, supra,* 2 C.B.C.2d at 818, 6 B.C.D. at 793, 5 B.R. at 241. The reasoning behind this is apparently that § 522(a)(1) was put in this section specifically to be used in determining to what extent the debtors' property would be exempted, and that such use somehow makes the term "fair market value" less than clear and without a plain meaning.

All other cases which the court has found do not concur with the liquidation/distress sale definition. *Cohen v. Werner (In re Cohen),* 7 B.C.D. 1399, 13 B.R. 350 (Bkrtcy. E.D.N.Y.1981); *Nellis v. Rosenbaum (In re Nellis),* 12 B.R. 770 (Bkrtcy.D.Conn.); *Holyst v. Diamond Int'l Corp. (In re Holyst),* 19 B.R. 14 (Bkrtcy.D.Conn.1982); *In re Parenteau,* 9 B.C.D. 762, 23 B.R. 289 (Bkrtcy. 1st Cir.1982); *Lucero v. Security Industrial Bank (In re Lucero),* 2 C.B.C.2d 532, 6 B.C.D. 477, 4 B.R. 659 (Bkrtcy.Colo.1980); *Day v. Boteler (In re Boteler),* 6 B.C.D. 798, 5 B.R. 408 (Bkrtcy.S.D.Ala.1980). The *Nellis* court found *Walsh* unpersuasive in light of the clear language of § 522(f) which defines value as fair market value. The *Nellis* court uses as a definition of "fair market value" that definition contained in 2 Collier on Bankruptcy (15th Ed.) which is:

what can be realized out of the assets within a reasonable time either through collection or sale at the regular market value, conceiving the latter as the amount which could be obtained for the property in question within such period by a 'capable and diligent businessman' from an interested buyer 'who is willing to purchase under ordinary selling conditions.' *Id.* at p. 101–57.

*Nellis v. Rosenbaum, supra,* at 772. The *Holyst* court summarily defines value as fair market value, citing *Nellis* as support. *Holyst v. Diamond International Corp., supra* p. 17 n. 7. The *Cohen* court considered fair market value as an alternative offered to it. However, that court was defining value under Section 506, which directs that value be determined "in light of the purpose of the valuation of the proposed disposition or use of such property," which is much more flexible than the section before the court in the instant case. Nonetheless, the *Cohen* court determined liquidation value not to be a reasonable value. *Parenteau, supra,* each use the standard of fair market value without discussion.

This Court is persuaded, based upon the cases interpreting the statute and upon the clear wording of the statute itself, that the appropriate standard for the appraisal in this case should be fair market value.

Accordingly, the Court finds that that standard should be used when the property of the debtors is appraised.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.