**In re Mary M. MOORE, Debtor.**

**Bankruptcy No. 82–1–1184.**

United States Bankruptcy Court,
D. Maryland.

May 10, 1983.

Nelson Cohen, Bethesda, Md., Trustee of the Estate.

John Simpson, Jr., Ralph Thomas, III, Washington, D.C., for debtor.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

On August 3, 1982, debtor Mary M. Moore filed a Chapter 7 petition and claimed as exempt a $4,500.00 interest in real property located at 3407 42nd Avenue, Colmar Manor, Maryland. On Schedule B–1, she lists the value of her property as $67,000.00. The value was based upon an appraisal obtained by her in June, 1982. On February 10, 1983, debtor moved to amend her schedules so as to list the value of the property at $55,000.00. Debtor claims that the latter valuation is representative of what the property would bring at liquidation or forced sale.

The matter came on for hearing on March 15, 1983, and both parties were given leave to file briefs in support of their positions. The trustee filed his brief on April 7, 1983. No brief was received from debtor.

The issue before this court is whether, for the purpose of calculating debtor's exemptions, the value of her residence should be at market value or at liquidation value.

Maryland law in effect at that time having specifically opted out from the federal exemptions pursuant to 11 U.S.C. § 522(b)(1), debtor relied upon Md.Code Ann. C.J. § 11–504 (1980) for her claim of exemption. § 11–504(a)(2) provides:

(a) *Definitions.—*

(2) "Value" means fair market value as of the date upon which the execution or other judicial process becomes effective against the property of the debtor, or the date of filing the petition under the United States bankruptcy code.

§ 11–504(f)(1) provides:

(f) *Additional exemption; condition.* —(1) in addition to the exemptions provided in § 11–504(b) of this subtitle, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $4,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, or in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence.

Debtor relies upon *In re Walsh,* 5 B.R. 239 (Bkrtcy.1980). In reading the conclusion that liquidation value govern, the learned judge commented:

II. Fair Market Value

"Value", for the purposes of the exemption section, is defined as "fair mar-

ket value as of the date of the filing of the petition." [11 U.S.C. § 522(a)(1)] This definition governs the meaning of "value" only for purposes of this section, and differs from the definition applicable in other sections of the Code. [11 U.S.C. 102(8)] The legislative history does not elaborate on the purpose or significance of this specific definition in Section 522. *See:* H.R.Rep. 595, 95th Cong., 1st Sess. (1977) 360. S.Rep. 989, 95th Cong., 2nd Sess. (1978) 75, U.S.Code Cong. & Admin. News 1978, p. 5787.

\* \* \* \* \* \*

Inasmuch as the purpose of valuation under the exemption provisions is ultimately to determine whether such property is subject to liquidation by the trustee because it is in excess of specified monetary amounts, the Court believes that the term "fair market value," as it is used to define "value" in Section 522, must be interpreted in the liquidation context in a Chapter 7 case.

Therefore, the Court finds that, in the instant case, "fair market value," as the term is used in Section 522, is equivalent to liquidation value. Accordingly, the trustee's application for an appraisal is denied.

■ This court declines to follow *Walsh* and relies upon other cases cited herein. Unlike the District of Columbia, Maryland has elected to "opt out" of the exemption provisions of 11 U.S.C. § 522(d). Thus, the determination of the exemption is a matter of application of state law, and the court will look to Maryland authorities. *See, generally, Matter of Sullivan,* 680 F.2d 1131 (7th Cir.1982) ("Opt out" provisions do not unconstitutionally delegate congressional power to the states.)

■ Even under many decisions decided under § 522, fair market, rather than liquidation value, has been selected as the proper amount to use in valuation of the debtor's residence. In *In re Nellis,* 12 B.R. 770 (Bkrtcy.Conn.1981), *aff'd mem.,* No. H–81–6456 (D.Conn.1982), debtors relied upon *Walsh,* to assert that fair market value is equivalent to liquidation value in a Chapter

7 case. The *Nellis* court, however, specifically declined to follow *Walsh,* noting:

Although the debtors urge this court to follow *Walsh* and make value equal liquidation value when evaluating real property under § 522(f), I cannot accept that argument in view of the clear expression of Congress in enacting a specific statutory definition of value as fair market value. While there is scant legislative history as to § 522(a)(2), the House and Senate Reports do contain comments which indicate that Congress was well aware of the troublesome issue of determining values of property at various stages of a debtor's case. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, for the commentary concerning value in adequate protection matters under § 361. In § 101(26) of the Bankruptcy Code, Congress, in defining "insolvent" uses the phrase "at a fair evaluation" to determine the amount of an entity's property. 2 *Collier on Bankruptcy* (15th ed.) ¶ 101.-26[4] in discussing "fair valuation" claims that such valuation is not arrived at "by reliance upon the sum which would be realized at a foreclosure, execution or receivership sale ... nor ... the price which the debtor could obtain if he were forced to *instantly* dispose of the assets in question", (emphasis in original at 101–55). Fair valuation is "what can be realized out of the assets within a reasonable time either through collection or sale at the regular market value, conceiving the latter as the amount which could be obtained for the property in question within such period by a 'capable and diligent businessman' from an interested buyer 'who is willing to purchase under the ordinary selling conditions'". *Id.* at p. 101–57.

Also following the market value approach is the appellate panel in *In re Parenteau,* 23 B.R. 289 (Bkrtcy.App. 1st Cir.1982), *citing Nellis* with approval.

Fair market value has been defined as:

1. The highest price in terms of money which a property will bring in a com-

petitive and open market under the conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably, and assuming the price is not affected by undue stimulus.

2. The price at which a willing seller would sell and a willing buyer would buy, neither being under abnormal pressure.

3. The price expectable if a reasonable time is allowed to find a purchaser and if both seller and prospective buyer are fully informed.

American Institute of Real Estate Appraisers, *The Appraisal of Real Estate,* (7th Ed. 1978) at 23.

Implicit in this definition is the consummation of a sale as of a specified date in the passing whereby:

1. Buyer and seller are typically motivated.

2. Both parties are well informed, are well advised, and each acting in what he considers his own best interest.

3. A reasonable time is allowed for exposure in the open market.

4. Payment is made in cash or its equivalent.

5. Financing, if any, is on terms generally available in the community at the specified date and typical for the property type in its locale.

6. The price represents a normal consideration for the property sold unaffected by special financing amounts and/or terms, services, fees, costs, or credits incurred in the transaction.

*Id.* at 24.

Moreover, "market value" is recognized as a term synonymous with "fair market value." *See, State Roads Commission v. Warriner,* 211 Md. 480, 128 A.2d 248 (1951).

"Liquidation value" is defined as the "price paid for property at a forced sale or auction proceeding." American Institute of Real Estate Appraisers, *The Appraisal of Real Estate,* (7th Ed. 1978) at 9. Additionally, the "purchase price at public auction would be obtained by a compulsory or forced sale, which would not fulfill the prerequisite for the determination of a fair market value which assumes an agreement on the price of land resulting from a treaty between an owner willing and not obliged to sell, for cash, and a buyer desirous, but not compelled to purchase." *Lewis v. Beale,* 162 Md. 18, 158 A. 354, 356 (1932). The price that can be obtained at a forced or involuntary sale is therefore irrelevant in proceedings to determine fair market value. *Mayor & City Council of Baltimore v. Kelso Corp.,* 46 Md.App. 285, 416 A.2d 1339, 1345 (1980).

In applying the Maryland exemptions, it is reasonable to assume that the Maryland General Assembly had Maryland precedents in mind when it mandated that value means fair market value. By using words of art defined in a string of Maryland appellate decisions, the legislature may have forced the sale of this debtor's residence. Had the legislature meant liquidation or "fire-sale" values, it would have said so.

An order will be entered in accordance with this opinion.