**In re Walter R. FRAZIER, Jr., Melody Frazier, Debtors.**

**Bankruptcy No. 81-1-0071.**

United States Bankruptcy Court, D. Maryland.

July 14, 1983.

Brian Seeber, Washington, D.C., for debtor.

Thomas Lackey, Upper Marlboro, Md., trustee.

MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Before the court is the matter of the confirmation of debtors' Chapter 13 Plan filed October 13, 1982. No useful purpose would be served in detailing the history of this case, and debtors' attempts to avoid consolidation of their cases, and, when that failed, Mrs. Frazier's attempt to dismiss her case alone so as to leave jointly held property free of both the bankruptcy court and their creditors.

The primary issue before the court is whether debtors' plan complies with the requirements of 11 U.S.C. § 1325(a)(4) that provides:

(a) The court shall confirm a plan if—

\*　　\*　　\*　　\*　　\*　　\*

(4) the value, as of the effective date of the plan, of property to be distributed

under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

The trustee does not recommend confirmation because the proposed plan, calling for a payment of $5,000.00 to unsecured creditors, does not provide them with nearly as much as they would receive in a Chapter 7 liquidation. The trustee estimates that the sale of debtors' property would allow for disbursement to unsecured creditors of at least $15,000.00, if properly marketed.[1]

The determination of whether the unsecured creditors would fare better in liquidation depends upon whether the court may evaluate debtors residence at its market value of $92,000.00 or its "forced sale value" of $64,400.00. Debtors urge that the latter is controlling, and therefore, after taking into consideration the existing encumbrances secured by two deeds of trust aggregating $51,500.00 and their Maryland exemptions under CJ 11–504, that their plan meets the test. The trustee urges that the market value controls.

Debtors rely upon the opinion of the Bankruptcy Court for the District of Columbia, *In re Walsh,* 5 B.R. 239 (Bkrtcy.D.C. 1980). In *Walsh,* a Chapter 7 proceeding, Judge Whelan reasons that because property owned by debtors in excess of exemptions must be liquidated by the trustee, that the "fair market value" described in § 522(a)(2) is liquidation value. For the reasons heretofore stated in *In re Mary M. Moore,* 30 B.R. 197 (Bkrtcy.M.D.1983), this court disagrees.

First, the instant case is governed by Maryland law because debtors were not able to elect federal exemptions as in *Walsh.* The Maryland exemptions applicable here clearly spell out that value means fair market value as of the date of filing in bankruptcy. Maryland cases are uniform in their definition of fair market value. Second, the court, while having the apprais-

er's definition of market value, has no statement of what he means by "forced sale." Furthermore, the sale by a Chapter 7 trustee, having the benefit of § 362, need not be at public auction but could be made without undue stimulus. Until a higher court rules to the contrary, this judge will continue to read CJ 11–504's "fair market value" to mean just that.

An order will be entered denying confirmation of debtors' plan with leave to amend.

1. Oddly enough, Citizens Bank and Trust Company of Maryland, the holder of approximately $15,000 of the $20,000 of debtors' filed Chapter 13 claims, did not appear at the confirmation hearing nor did it file any memorandum opposing confirmation.