**In re John GANCARZ and Georgia Gancarz, Debtor.**

**John and Georgia GANCARZ, Plaintiff,**

**v.**

**PALM BEACH CO., Defendant.**

**Bankruptcy No. 87–131.**
**Adv. No. 88–84.**

United States Bankruptcy Court,
· D. New Hampshire.

Dec. 21, 1989.

Robert E. Murphy, Jr., Manchester, N.H., for John & Georgia Gancarz.

Charles C. O'Hanion, Watertown, Mass., pro se.

Raymond DiLucci, Concord, N.H., pro se.

Paul Ridnen, Concord, N.H., for Palm Beach Co. & Amoskeag Nat. Bank.

Joseph M. Szabo, Boston, Mass., Standing Trustee.

MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This chapter 13 adversary proceeding arises from a complaint by the debtors against several defendants to determine the value and secured status of those defendants' security interests in the home of the debtors. The specific complaint before me now seeks to avoid defendant Palm Beach Co.'s judicial lien to the extent it impairs the debtors' homestead exemption pursuant to 11 U.S.C. § 522(f)(1). This Court has jurisdiction under 28 U.S.C. § 157(b)(2)(B) and (K), and the general reference order dated February 1, 1985 by the U.S. District Court for the District of New Hampshire. This matter came on for a

---

hearing on June 17, 1989, and the Court then took the matter under submission.

## DISCUSSION

Debtors filed a joint petition for reorganization under chapter 13 of the Bankruptcy Code. At a prior hearing, this Court determined that the fair market value of the debtors' home is $100,000. United Savings Bank has a first security interest in the property in the amount of $10,849.61. The United States Small Business Administration has a second lien in the amount of $76,908.74. The defendant Palm Beach Co., Inc. has a judicial lien in the amount of $8,500. Amoskeag Bank has a forth lien in the amount of $10,517.03. There are unsecured claims in the amount of $12,500.00.

The debtors' complain that defendant's judicial lien impairs their homestead exemption of $5,000.00.[1] Defendant responds that the homestead exemption does not apply in this case.

The critical Bankruptcy Code provision is 11 U.S.C. § 522(f)(1).[2] It reads:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ...

(1) a judicial lien....

This section states three requirements before a debtor can avoid a judicial lien:

(1) the lien must be a judicial lien; and
(2) the debtor must have an interest in the property; and
(3) the lien must impair an exemption to which the debtor would otherwise be entitled under state law.

There is no question defendant has a judicial lien, or that the debtors have equity in their home equal to the amount of the judicial lien they seek to avoid. The only question raised in this adversary proceeding is whether the lien impairs a valid exemption under state law. N.H.Rev.Stat. Ann. § 480:1 (Suppl.1988) grants a $5,000 homestead right to each person. The exemption provision is N.H.Rev.Stat.Ann. § 480:4 (1983), which reads as follows:

480:4 Exemption. The homestead right is exempt from attachment during its continuance from levy or sale on execution, and from liability to be encumbered or taken for the payment of debts, except in the following cases:

I. In the collection of taxes;

II. In the enforcement of liens of mechanics and others for debts created for the construction, repair or improvement of the homestead;

III. In the enforcement of mortgages which are made a charge thereon according to law;

IV. In the levy of executions as provided in this chapter.

There is little question that a judicial lien falls within the exemption provision, especially when I consider the Bankruptcy Code favors a fresh start for debtors. Defendant's position that the homestead property must be sold before the exemption applies is contrary to the text of the exemption provision which includes far more than sales.

There is also case law in this jurisdiction supporting this conclusion. In *In re Parenteau*, 23 B.R. 289 (Bankr. 1st Cir.1982) the Court accepted the prior New Hampshire Bankruptcy Judge's conclusion that in a chapter 7 a homestead exemption could avoid a judicial lien, although the Court did not have to affirm that part of the judge's ruling because the Court decided the case on other grounds. It is true this was a chapter 7 case, but other courts have held that judicial liens are avoided to the extent they impair a homestead exemption in evaluating a chapter 13 plan. See, e.g., *In re Dixon*, 85 B.R. 745 (N.D.Ohio 1988); *In re Windfelder*, 82 B.R. 367 (Bankr.E.D.Pa. 1988).

---

**1.** Debtors claimed a $10,000 exemption in their complaint but for unexplained reasons only ask for a $5,000 exemption in their brief. I choose to hold them to their last pleading.

**2.** Section 522 applies in chapter 13 cases since there is no exclusion of that general provision that would render it inapplicable in the chapter 13 proceeding.

## CONCLUSION

Section 522(f)(1) of the Code allows a debtor to avoid a judicial lien to the extent it impairs a homestead exemption. That exemption applies in this case. Consequently, defendant creditor's claim is secured in the amount of $7,241.65 and unsecured in the amount of $1,258.35.