In re Karen A. WOLMER, Debtor.

Karen A. Wolmer, Movant

v.

Bristol Gastroenterology Associates
PC, Transportation Insurance
Co., Respondents.

No. 12–22840 (ASD).

United States Bankruptcy Court,
D. Connecticut.

June 25, 2013.

---

Charles A. Maglieri, Advanced Bank-
ruptcy Legal Services, Brooklyn, CT, for
Debtor.

### BRIEF MEMORANDUM ORDER DENYING MOTION TO AVOID JUDICIAL LIENS

#### RE: ECF NO. 15

ALBERT S. DABROWSKI, Bankruptcy
Judge.

The Debtor's *Motion to Avoid Judicial
Liens Impairing Homestead Exemption*
(hereinafter, the "Motion"), ECF No. 15,
came before the Court, after due notice
pursuant to the Court's Contested Matter
Procedures,[1] a/k/a Bar Date Procedures.

---

1. Pursuant to these procedures, a movant
may avoid the necessity of appearing in court
to obtain an order on its motion, provided
that no written objection has been filed by a
"bar date" stated in a notice served by the
movant upon all persons entitled to notice. If
an objection is filed prior to the "bar date",
the movant must promptly request that the
Court schedule a hearing. In the absence of
a timely filed objection the court *may* enter an
order on the motion without further notice
and a hearing.

Notwithstanding there being no objection thereto, the Court scheduled the Motion for a hearing which was held on April 18, 2013 (hereinafter, the "Hearing").[2] For the reasons set forth hereinafter, the Motion shall be denied.

Through the Motion the Debtor seeks to avoid the fixing of certain judicial liens pursuant to Bankruptcy Code Section 522(f). The Motion states, in part:

> An asset of the Debtor's bankruptcy estate consists of a jointly owned single-family residence known as and located at 36 Reilly Road, Hampton, Connecticut (hereinafter "Property"). The fair market value of the Property, as shown on Schedule A of the Debtor's Official Bankruptcy Forms, is $212,000.00, as established by a Comparative Market Analysis dated July 13, 2012, prepared by Andrea Baribeau of Browning & Browning Real Estate, including an *8% liquidation cost of $16,960.00 resulting in an interest of net equity value to the Debtor of $195,040.00.*

Motion, ¶ 2 (emphasis added).

Essential to the determination of whether and to what extent a judicial lien impairs the Debtor's exemption claim in the Property is the determination of the "value" of her one half interest in that Property. The problem with the Motion is that, while the Debtor acknowledges the fair market value of the Property to be $212,000.00, she employs in the relevant § 522(f)(2)(A)[3] lien avoidance calculus a "net equity value" of $195,040.00 derived by deducting a theoretical 8% cost of liquidation from the Property's fair market value ($212,000.00 - 16,960.00 = $195,040.00).

Under § 522(f) the Debtor may avoid the fixing of certain judicial liens as liens impairing the Debtor's exemption claim to the extent that the sum of the statutory (here, the property tax liens) and consensual liens (here, the mortgages) on her interest in the Property plus her homestead exemption exceeds the value of her interest in the Property. However, by reducing the fair market value of the Property by a hypothetical 8% "liquidation cost," the Debtor seeks to reduce the amount of non-exempt equity available to support judicial liens; thereby increasing the extent to which such judicial liens may be avoided.

■■■■ At the Hearing, the Debtor argued that reducing the fair market value of the Property by the hypothetical liquidation expenses would more accurately reflect the amount that a Chapter 7 trustee could actually recover for the benefit of the estate if the Property were actually sold.[4] The only case known by this Court

---

**2.** In connection with the Motion, counsel for the Debtor filed a *Request for Entry of Proposed Order*, ECF No. 20, certifying "that the Bar Date has passed without the filing of an Objection". Contested Matter Procedures, ¶ B2. Nevertheless, the Court, exercised its discretion, *see* Contested Matter Procedures, ¶ B5, and scheduled the Motion for a hearing.

**3.** Section 522(f) provides, in relevant part:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>   (i) the lien;
>   (ii) all other liens on the property; and

>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C.A. § 522(f)(2)(A).

**4.** This argument is particularly unavailing in regard to the judicial lien avoidance calculus of § 522(f). Section 522(f) permits avoidance of judicial liens only to the extent that the Debtor's interest in the Property lacks sufficient value to cover all claims secured by liens (statutory, consensual and judicial) thereon and the Debtor's exemption. In such

to accept this argument is the 1980 case of *In re Walsh*, 5 B.R. 239 (Bankr.D.C.1980). However, a year later in *In re Nellis*, 12 B.R. 770 (Bankr.D.Conn.1981), United States Bankruptcy Judge Robert L. Krechevsky explicitly addressed and declined to follow *Walsh* and held that "[i]n determining value in a § 522(f) proceeding, fair market value is to be determined and such determination is not thereafter to be reduced by any expenses or costs which might be incurred in a sale of such assets". *Id.* at 773. This Court agrees with and adopts the analysis of *Nellis*, and specifically rejects *Walsh*.

In addition, the Court notes that the Debtor's argument has been repeatedly rejected by other bankruptcy courts as contrary to both the statutory language and policy considerations of § 522.

[F]air market value is the appropriate valuation standard as set forth in § 522(a)(2) and liquidation costs and closing costs are not to be deducted from this market value.... This Court's research reveals an established rule of law that liquidation costs are not deducted from market value when applying § 522(f)(2).... The only case to the contrary that the Court could locate is *In re Walsh*, 5 B.R. 239 (Bankr.D.C.1980).... Subsequent to that decision, however, no other court has adopted this approach.... This Court adopts the majority position and holds that estimated liquidation costs such as broker commissions, title costs and recording costs should not be deducted from the fair market value of the property when calculating the extent of the impairment and of the lien avoidance under § 522(f)(1) and (2).

instances, there can be no non-exempt equity recoverable by the Trustee for the benefit of

*In re Sheth*, 225 B.R. 913, 918–919 (Bankr. N.D.Ill.1998) (citations omitted). *See also In re Richardson*, 280 B.R. 717, 718 (Bankr.S.D.Ala.2001) (citing cases); *In re Barrett*, 370 B.R. 1, 3 (Bankr.D.Me.2007) ("[A] bevy of courts have opted against including hypothetical sales costs and other transaction costs in the valuation of collateral for the purpose of determining the fate of a judicial lien.") (citing cases); *In re Sumerell*, 194 B.R. 818, 825–826 (Bankr.E.D.Tenn.1996) ("Since the *Walsh* decision was rendered in 1980, more than half a dozen courts have considered the issue of the appropriate valuation standard for § 522 purposes. All have rejected *Walsh* by name and have concluded that value should be measured by the traditional concept of fair market value ... rather than a hypothetical liquidation.... This court is persuaded by the reasoning and the analysis of ... the majority cases and specifically rejects *Walsh*.") (citations omitted).

In accordance with the forgoing discussion,

**IT IS HEREBY ORDERED** that to the extent the Motion seeks judicial lien avoidance by a calculus using a "net equity value" derived by deducting a theoretical 8% cost of liquidation from the Property's fair market value, the Motion is **DENIED**, and

**IT IS FURTHER ORDERED** that this order enters *without prejudice* to the Debtor to file an amended proposed order without a valuation calculus employing a deduction for a theoretical cost of liquidation component, that is otherwise consistent with § 522(f) and the discussion herein, and

unsecured creditors.

**IT IS FURTHER ORDERED** that as the Motion has been prosecuted upon proper notice and without objection (other than as raised by the Court at the Hearing) pursuant to the Court's Contested Matter Procedures, a proposed order submitted in accordance with this Memorandum and Order may enter without further notice and a hearing.