**In re Ronald L. ANDERSON and Deanna M. Anderson, Debtors.**

**Ronald L. ANDERSON and Deanna M. Anderson, Plaintiffs,**

**v.**

**Veto LUCIDORE, Harvey Lucidore, Charles Lucidore and David Graban, Esq., Trustee, Defendants.**

**Bankruptcy No. 85–00454E.**

**Motion No. 86–369E.**

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 22, 1986.

David Graban, Trustee.

William Panella, New Castle, Pa., for defendants.

Michael Ristvey, Jr., Sharon, Pa., for debtors.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

The issue is whether estimated costs of sale should be deducted from the uncontested appraised value, in ascertaining the value of the property for the purpose of determining what portion of the judgment lien should be avoided under § 522(f), and what portion, if any, of the judgment lien should not be avoided.

Debtors have filed a motion for avoidance of a judgment lien held by the respondents Veto, Harvey and Charles Lucidore. The Lucidore judgment is approximately $276,000 and is subordinate to first and second mortgages. The pertinent figures as of the filing of the bankruptcy case are as follows:

| | |
|---|---|
| Property Value (as appraised; uncontested) | $69,500.00 |
| First Mortgage | $34,741.45 |

| Property Value Second | | |
|---|---|---|
| Mortgage | $11,474.26 | |
| Accrued Interest | 651.85 | |
| 1985 Taxes | 770.39 | |
| Homestead Exemption Claim | 15,000.00 | |
| Total | | $62,637.95 |
| Excess Value over Unavoidable Liens and Exemption | | $ 6,862.05 |

The real estate in question is residential property and Debtors may therefore claim $7,500 each as their exemptions, or a total of $15,000.

The Debtors argue that if the property were sold, the $6,862.05 in value over unavoidable liens would be absorbed by the costs of either a sheriff's sale or a sale through a realtor. No evidence was produced at the hearing, but the Court is aware that in any sale, there would be at least a 1% transfer tax, some attorney's costs for representation to close the transaction, and possibly a real estate commission ranging from 6% to 10% of the sale price. Thus, the Debtor argues that the value to the creditor of the $234,000 judgment lien in question is zero, because on such a sale, the unavoidable liens, the Debtors' exemptions and the costs of sale would consume all of the proceeds. We could entertain further testimony and ascertain, perhaps, a more exact figure for costs of sale.

The issue then is whether, in ascertaining the unavoidable portion of a subordinate lien, we look to the value realizable to the creditor upon execution, or, on the other hand, to the value of the exemption right to the Debtor.

In order for the judgment lien creditor to realize anything from his lien, or from the property, there must be a sale of the property. Such sale would necessarily incur costs which the Debtors have described.

The Debtors, on the other hand, may obtain their value simply by holding the property. There would be no burden of the costs of sale.

We think it most appropriate to look to the value which the exemption right yields to the Debtor. The object of the exemption right is to allow to the Debtors value in a specified amount in order to allow them to obtain their fresh start. If the Debtors are allowed the full amount of the value to which they have been legislatively entitled, then their rights have been satisfied. The Court should not go further in avoiding liens upon the Debtors' property which are otherwise valid and enforceable. Thus, the $276,000 judgment lien of the Lucidores will be avoided except that $6,862.05 thereof shall remain unavoided and intact.

In order to assure the Debtors that they will receive the benefit of their exemption, we will subordinate the unavoided $6,862.05 judgment lien to the Debtors' $15,000 exemption rights, so that if the Lucidores issue execution upon the unavoided portion of their judgment, the Debtors will be protected to the extent of their exemption rights.

The Court will enter a separate order in accordance with the above.