**In re Kenneth YACKEL, Deborah Yackel, Debtors.**

**Bankruptcy No. 89–00934.**

United States Bankruptcy Court, N.D. New York.

Jan. 3, 1990.

James F. Selbach, Syracuse, N.Y., for debtors.

George V. Cook, P.C., Baldwinsville, N.Y., for Beneficial New York, Inc.

### MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This contested matter is before the Court by way of a motion filed by Kenneth E. and Deborah A. Yackel ("Debtors") to avoid judicial liens of Beneficial of New York Inc. ("Beneficial"), Norstar Bank of Central New York ("Norstar") and Merchants National Bank & Trust Company ("Merchants"), pursuant to § 522(f) of the Bankruptcy Code (11 U.S.C.A. §§ 101–1330) ("Code"). Only Beneficial filed an Affirmation in opposition to Debtors' motion. Argument on the Debtors' motion was heard on September 19, 1989 at Syracuse, New York and the matter was finally submitted on October 4, 1989.[1]

---

1. Due to Debtors' untimely submission of their Memorandum of Law on November 11, 1989, the arguments advanced therein are not considered herein.

## FACTS

The Debtors filed a joint petition for relief under Chapter 7 of the Code on May 26, 1989. At the time of filing the Debtors owned, resided at and claimed exemptions in real property located at 8394 Winterberry Way, Liverpool, New York ("Property"). The Debtors listed the value of the Property in their petition at $65,000.00. The value of the property is disputed by Beneficial. Beneficial alleges that the Property has a value of $75,000.00.

Also set forth in the petition and undisputed is the fact that Merchants holds the first and second mortgages on the Property securing outstanding balances of $43,-800.00 and $5,000.00, respectively. The Debtors have claimed $20,000.00 as their exemption in the Property "pursuant to Article 10–A of the New York Debtor and Creditor Law" which the Court will treat as a homestead exemption. See Debtors' Petition Schedule B–4.

First among the judicial liens listed in Debtors' motion is Beneficial's in the amount of $4,796.46, docketed January 12, 1989.[2] Its priority relative to the other listed judicial lienors, and amount are not disputed.

## JURISDICTION

The Court has subject matter jurisdiction over the instant motions pursuant to 28 U.S.C.A. §§ 157, 1334 (West Supp.1989). The following are core matters under 28 U.S.C.A. § 157(b)(1), (b)(2)(K).

## ARGUMENTS

The Debtors claim that because Beneficial's judicial lien will impair their exemptions within the meaning of Code § 522(f), the Court must "avoid the fixing of the said judicial liens." See Attorney's Affirmation in Support of Motion To Avoid The Fixing of Judicial Lien at 2. In Debtors' motion, they contend their equity in the Property is "fully exempt and was fully exempted." *Id.* Debtors ascertain the

amount of equity by subtracting from their claimed value of the Property ($65,000.00) the "existing liens ($48,800.00), excluding judgment liens ..." *Id.* While not expressly stated, Debtors impliedly claim to have $16,200.00 in equity in the Property. Since they are entitled to a $20,000.00 homestead exemption, they conclude that the judicial liens impair the exemptions to which they are entitled and should be avoided.

Debtors also maintained, at oral argument of the motion on September 19, 1989, that real estate commissions and Chapter 7 Trustee's statutory commissions must additionally be deducted from the value of the Property in determining equity for the purpose of lien avoidance under Code § 522(f). The Debtors request that, if the real estate broker's and Chapter 7 Trustee's commissions are found as a matter of law not to be deducted along with their outstanding mortgages in determining equity, an evidentiary hearing be held for the purpose of valuation of the Property.

Beneficial disputes the Debtors' claimed value of the Property. It contends, based upon a real estate appraiser's valuation of the Property, that the Property is actually worth $75,000.00 rather than $65,000.00. See letter of Steven F. Essig, R.M. dated August 24, 1989 attached to Affirmation of George V. Cook Esq. Beneficial impliedly asserts that because the Debtors actually have $26,200.00 in equity in the Property, its judicial lien in the amount of $4,796.46 does not impair Debtors' exemption of $20,-000.00 and should, therefore, not be avoided under Code § 522(f).

Beneficial, in its Memorandum of Law, also disputes Debtors' contention that real estate and Trustee commissions may be deducted from fair market value in determining equity. Beneficial asserts that only the Debtors' mortgages, totalling $48,-800.00, should be deducted from the fair market value of the Property.

---

**2.** The Debtors' motion lists and seeks to avoid two additional judicial liens of Norstar and Merchants totalling $18,028.43 which were docketed subsequent to Beneficial's lien against the Debt-

ors. As indicated, neither of the other two lienors have opposed the Debtors' motion seeking avoidance of their judicial liens under Code § 522(f).

## DISCUSSION

The issue here concerns the method and factors considered in determining "equity" for the purpose of analysis under Code § 522(f). This Court has recently articulated its method for arriving at equity for the purpose of determining impairment of a homestead exemption under Code § 522(f). In *In re Bovay*, 112 B.R. 503, 504 (Bankr. N.D.N.Y.1989), the Court expressed the definition of equity in the formula: fair market value of the property minus the sum of the outstanding mortgages and any unavoidable liens. *See In re Hager*, 74 B.R. 198, 201–02 (Bankr. N.D.N.Y.1987); *Alu v. State of N.Y., Dept. of Tax & Finance*, 41 B.R. 955, 957 (Bankr. E.D.N.Y. 1984).

As a matter of law, valuation of a debtor's interest in property is established as of the date the petition is filed. 11 U.S.C. § 522(a)(2). In the case at bar, the Debtors claim that they have neither sold the Property nor that a contract for sale is pending. They, therefore, have no contract sale price on which a real estate commission is to be computed and no identifiable broker to whom such a commission is or will be owed. Nor is there any indication that the Chapter 7 Trustee intends to liquidate any interest of the estate in the Property thus, generating statutory commissions pursuant to Code § 326. In light of these facts, the existence and amount of a commission due a broker or a Chapter 7 Trustee is, at best, a remote and speculative possibility. Since the existence of such commissions was purely speculative as of the date Debtors filed their petition, they do not warrant consideration under the Code in determining equity.

Also, the Debtors' inclusion of commissions due a real estate broker or Chapter 7 Trustee as amounts which should be de-ducted from the fair market value of the property in arriving at equity must fall into the category of either a mortgage or an unavoidable lien in order to be congruent with this Court's holding in *In re Bovay, supra*.[3] A real estate commission is neither a lien,[4] nor a mortgage, but rather an expense incidental to a sale, and like a Chapter 7 Trustee commission would be treated herein simply as an administrative expense pursuant to Code § 503(b). Generally, and specifically in the instant case, expenses relating solely to the sale of an asset will not be subtracted from the fair market value of the property in determining equity for the purpose of Code § 522(f). *See In re Windfelder*, 82 B.R. 367, 372 (Bankr. E.D.Pa.1988); *In re Anderson*, 68 B.R. 313, 314 (Bankr. W.D.Pa.1986); *In re Rehbein*, 49 B.R. 250, 253 (Bankr. D.Mass. 1985); *In re Nellis*, 12 B.R. 770, 773 (Bankr. D.Conn.1981).

Based upon the foregoing, it is

ORDERED, that Debtors' motion is hereby denied to the extent that it seeks to establish equity by deducting from fair market value of Debtors' real property, real estate commissions and Chapter 7 Trustee's commissions, and it is further,

ORDERED, that an evidentiary hearing is scheduled before this Court on *March 14, 1990* at *10 a.m.* for the sole purpose of hearing valuation testimony regarding the Property and it is further,

ORDERED, that both Debtors and Beneficial shall serve upon each other and file with the Court any written real estate appraisal or opinion of value on which they intend to rely at such evidentiary hearing, not less than five (5) days prior to said hearing, and it is finally,

ORDERED, that Norstar and Merchants shall be deemed to have impliedly consent-

---

3. Fair market value means that amount which would change hands between a willing buyer and a willing seller, absent any compulsion to sell or buy, and each having reasonable knowledge of the relevant facts. BLACK'S LAW DICTIONARY p.537 (5th ed.1979). Thus, sale commissions are not necessarily contemplated in a transfer of property.

4. While a duly licensed real estate broker who asserts entitlement to a commission pursuant to a contract for brokerage may file an affidavit of such entitlement in the office of the recording officer in the county in which the property is situated, the affidavit expressly does not create a lien and does not invalidate any transfer of the property. New York Real Property Law § 294–b (McKinney's 1989).

352

ed to the avoidance of their judicial liens and said liens are hereby avoided.