**In re William M. CITRONE, Debtor.**

**No. 93 B 21485 (HS).**

United States Bankruptcy Court,
S.D. New York.

Oct. 14, 1993.

William M. Citrone, pro se.

Lichtenstein & Schindel, Mamaroneck, NY, for Linda Daniele, Judgment Creditor.

### DECISION ON MOTION TO AVOID JUDICIAL LIENS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 7 debtor, William M. Citrone, has moved pursuant to 11 U.S.C. § 522(f)(1) to avoid two state court judgment liens entered against him by his former wife, Linda Daniele, ("Daniele") for nonpayment of child and spousal support. The two judgment liens, one for $19,649.00 and the other for $3,076.92, were entered in the office of the County Clerk, Westchester County, New York, on March 26, 1993. The debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code with this Court on July 28, 1993.

Daniele objects to the debtor's attempted avoidance of her judgment liens on three grounds:

(1) The application to avoid a judicial lien implicates an adversary proceeding pursuant to Rule 7001(2), which relates to proceedings to determine the validity, priority, or extent of a lien or other interest in property. Therefore, Daniele reasons that the debtor's motion is improper because an

adversary complaint is required to initiate such a proceeding under Rule 7003 and the present proceeding was initiated solely by motion of the debtor;

(2) The debtor has not established that he has an interest in the property which is impaired by Daniele's judicial liens; and

(3) The liens arose as a result of the debtor's nonpayment of child and spousal support which are not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5), and therefore, nonavoidable.

In his schedules, the debtor has claimed a homestead exemption in the sum of $10,-000.00, a motor vehicle exemption of $2,400.00, and a personal property exemption for the balance of his personal property which he values at $5,005.49, inclusive of his motor vehicle.

## DISCUSSION

In 1982, New York State opted out of the federal exemption scheme. N.Y. Debtor and Creditor Law § 284 (McKinney 1990). Pursuant to § 5206 of New York's Civil Practice Law & Rules, a debtor may claim an exemption up to $10,000.00 for an interest in the debtor's residence. Additionally, a debtor may claim a bankruptcy exemption for a motor vehicle not exceeding $2,400.00 in value above liens and encumbrances. N.Y. Debtor and Creditor Law § 282. Other personal property may be exempt in bankruptcy in an aggregate amount not to exceed $5,000.00. N.Y. Debtor and Creditor Law § 283.

■ Notwithstanding that New York has opted out of the federal exemption scheme, a New York debtor may, nevertheless, continue to apply 11 U.S.C. § 522(f)(1) to avoid judicial liens to the extent that they impair an otherwise allowable exemption.[1] *In re Prestegaard,* 139 B.R. 117, 119

(Bankr.S.D.N.Y.1992); *In re Serapiglia* 123 B.R. 481, 482 (Bankr.E.D.N.Y.1990).

■ The fact that the debtor commenced this application to avoid the judicial liens in question by motion, rather than by the filing of an adversary complaint, is no reason to dismiss the motion. Bankruptcy Rule 4003(d) specifically provides that a debtor's application to avoid a lien with respect to exempt property shall be by motion in accordance with Bankruptcy Rule 9014.[2] Hence, Daniele's procedural objection is rejected.

■ The second basis for Daniele's objection, that the debtor has no interest in the property for which the objection is claimed, has already been clearly addressed by the Second Circuit Court of Appeals in *Brown v. Dellinger (In re Brown),* 734 F.2d 119 (1984). *In re Brown* held that a debtor is permitted, even if the debtor lacks an equity interest in the property, to avoid the fixing of a judicial lien on the property if that avoidance would permit the debtor to enjoy an allowable exemption. *Id.* at 125. In the present case it cannot be found that the debtor's attempted lien avoidance would permit him to enjoy such an allowable exemption. There was no evidentiary proof offered as to the value of the debtor's residence or his motor vehicle, nor did the debtor itemize the specific personal property for which he claims an exemption. However, some courts have held that even if the debtor could not presently enjoy an exemption if the judicial lien was avoided, the debtor should, in any event, be permitted to avoid judicial liens on property because such liens impaired the debtor's right to achieve an equity position in the future. *See, e.g., In re Yackel,* 114 B.R. 349 (Bankr.N.D.N.Y.1990); *In re Hager,* 74 B.R. 198 (Bankr.N.D.N.Y.1987), *aff'd,* 90 B.R. 584 (N.D.N.Y.1988). *But see Alu v. State of N.Y. Dep't of Taxation & Fin.,* 41

---

1. 11 U.S.C. § 522(f) provides: "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien...."

2. Rule 4003(d), Avoidance by Debtor of Transfers of Exempt Property, provides: "A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014."

B.R. 955 (E.D.N.Y.1984). While this Court need not address the issues raised by the preceding cases due to the following analysis, it should be noted that there is ample support for this Court's conclusion that lack of debtor equity in the subject property is not a fatal defect to debtor's motion for 11 U.S.C. § 522(f)(1) application. Consequently, Daniele's second ground for objection is not found to be persuasive.

 Daniele's third basis for objection, however, is found to be of merit. In the instant case, the legislative policy intended to protect a debtor's ability to exempt property under 11 U.S.C. § 522(f)(1), by providing that the debtor may avoid judicial liens to the extent the property could have been exempted in the absence of such lien, H.R.REP. NO. 595, 95th Cong., 1st Sess. 362 (1977), must give way to a more compelling specific legislative mandate. Pursuant to the express prohibition in 11 U.S.C. § 522(c)(1) a debtor's right to claim exemptions, or to avoid judicial liens that impair exemptions, is subject to the exception that property exempted under 11 U.S.C. § 522 continues to remain liable for debts of a kind specified in 11 U.S.C. § 523(a)(1), namely tax obligations, and in 11 U.S.C. § 523(a)(5), which deals with child and spousal support.[3] The debtor does not deny that Daniele's two judgment liens are for child and spousal support. Therefore, to the extent that Daniele's judgement liens represent judgment debts for child and spousal support, they are not dischargeable under 11 U.S.C. § 523(a)(5) and thus may not be avoided under 11 U.S.C. § 522(f)(1). *In re Stebbins*, 105 B.R. 118, 119 (S.D.Fla.1989); *In re Rouse*, 145 B.R. 546, 549 (Bankr.W.D.Mich.1992).

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The debtor's motion under 11 U.S.C. § 522(f)(1) to avoid two judicial liens entered against him by his former wife, Linda Daniele, for nonpayment of child and spousal support is denied because 11 U.S.C. § 522(c)(1) expressly excepts such debts, which are nondischargeable under 11 U.S.C. § 523(a)(5), from lien avoidance pursuant to 11 U.S.C. § 522(f)(1).

SETTLE ORDER in accordance with the foregoing.

---

**3.** 11 U.S.C. § 522(c) provides: "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title...."