**In re Weston R. MANGOLD, and Angela K. Mangold, Debtors.**

**Bankruptcy No. 99–30639.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Jan. 20, 2000.

David E. Larson, Altick & Corwin, Co., L.P.A., Dayton, OH, for Debtor.

Mark S. Gutentag, Gamble Hartshorn Johnson Co., L.P.A., Columbus, OH, for Chapter 7 Trustee Paul Spaeth, Dayton, OH, United States Trustee.

## DECISION AND ORDER GRANTING PARTIAL AVOIDANCE OF LIEN

WILLIAM A. CLARK, Chief Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

This matter is before the court upon the Debtors' Amended Motion to Avoid Lien of Robert A. Liebert [Doc. # 51–1] and Robert A. Liebert's Motion in Opposition to Debtors' Motion to Avoid Lien of Robert A. Liebert [Doc. # 48–1]. A hearing on the avoidance issue was held on November 16, 1999. After the hearing, the parties filed supporting briefs [Docs. # 57–1, # 58–1, # 61–1 and # 62–1] for the court's consideration. The following decision and order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

### FINDINGS OF FACT

After filing their bankruptcy petition on February 10, 1999, Debtors Weston and Angela Mangold requested that the court avoid Creditor Robert Liebert's judgment lien against two parcels of real property. The Mangolds assert that with consideration of the mortgage liens against the properties, the Mangolds have no equity in the properties to which Liebert's judgment lien may attach without impairing their exemptions. In opposition, Liebert asserts that this court lacks jurisdiction to consider the Mangolds' motion because the properties at issue have been abandoned by the Chapter 7 Trustee. In the alternative, the creditor asserts that the Mangolds' calculations are in error and that some equity in the properties does exist. After consideration of the arguments made during the November 16, 1999 hearing and the post-hearing briefs filed by the parties, the court is prepared to render its decision.

The material facts of this matter are not in dispute. On May 14, 1997, Creditor Robert Liebert obtained a $171,818.62 judgment against Debtor Weston Mangold which was certified to the office of the Montgomery County, Ohio, Clerk of the Court of Common Please on October 6, 1998. At that time, Weston Mangold had ownership rights in two parcels of real property: the Mangolds' residence at 7315 Eagle Creek Drive and a second property at 5103 Belle Isle Drive. The latter was used by the Mangolds as a rental property.

At the time Liebert's judgment was taken, both Weston and Angela Mangold had joint survivorship rights in the property at 5103 Belle Isle, but the property at 7315 Eagle Creek was owned solely by Weston Mangold as evidenced by the general warranty deed recorded September 7, 1994. However, after the fixing of Liebert's judgment lien, Weston Mangold signed a deed conveying joint survivorship rights in the property at 7315 Eagle Creek to his wife, Angela Mangold. The deed was signed on December 18, 1998 and recorded on December 21, 1998.

At the hearing, the parties stipulated to the value of the two properties at issue. The residence at 7315 Eagle Creek is valued at $152,500.00 and the rental property at 5103 Belle Isle is valued at $44,000.00. In addition to Liebert's judgment lien, the properties at issue are encumbered by mortgage liens. The balance of a mortgage on the Eagle Creek property is $142,-623.47 and the balance of a mortgage on the Belle Isle property is $36,164.31. The Mangolds request the court also consider a second mortgage of $6,000.00 on the Belle Isle property which was satisfied in full, post-petition, by Weston Mangold. Based on the balance owed on these mortgages and the value of their exemptions, the Mangolds assert that Liebert's judgment lien should be avoided in its entirety because there exists insufficient equity in the properties to satisfy both the Mangolds' exemptions and the judgment lien.

## CONCLUSIONS OF LAW

### I. *Abandonment*

■ As a preliminary matter, Liebert asserts that this court lacks jurisdiction to avoid his judgment lien against the two parcels of land because the two properties were previously abandoned by the Chapter 7 Trustee. Although a document filed with this court on May 10, 1999 indicates that the Chapter 7 Trustee did abandon real property [Doc. # 23–1], the document lacks the attachment indicating the specific properties abandoned. However, regardless of whether the two properties at issue were abandoned by the Chapter 7 Trustee, the court retains jurisdiction to determine whether liens on abandoned property impair a debtor's exemptions. *See Fitzgerald v. Davis (In re Fitzgerald )*, 29 B.R. 41, 43 (Bankr.E.D.Va.1983) vacated and remanded on other grounds, 729 F.2d 306 (4th Cir.1984). In accord with the reasoning of *Fitzgerald,* the court finds that it retains jurisdiction to determine the extent to which Liebert's judgment lien against the two parcels of property impairs the Mangolds' exemptions and may be avoided.

### II. *Lien Avoidance*

■ The Bankruptcy Code allows a debtor to avoid judicial liens on exempted property to the extent that the liens impair the debtor's exemption. 11 U.S.C. § 522(f); *Holland v. Star Bank, N.A. (In re Holland )*, 151 F.3d 547, 549 (6th Cir. 1998). The extent of the impairment is calculated under 11 U.S.C. § 522(f)(2)(A) which provides:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Under this provision, a judicial lien that partially impairs an exemption is not avoidable in its entirety, but, instead, is avoidable only to the extent of the impairment. *Tedeschi v. Falvo (In re Falvo )*, 227 B.R. 662, 666–667 (6th Cir. BAP 1998). In this case, the mortgages and exemptions on each property are different and, thus, the court will treat each property separately below.

### A. *Residence at 7315 Eagle Creek*

The property at 7315 Eagle Creek is valued at $152,500.00 and is encumbered by a $142,643.47 mortgage leaving a relatively small amount of equity to which Liebert's judgment lien may attach. In addition, the Mangolds assert entitlement to a $10,000.00 exemption in their residence and request a reduction in the value of this property to account for hypothetical costs of sale in the event the house would be sold. After consideration of their exemption and hypothetical costs of sale, the Mangolds assert that there is no equity in the property to which Liebert's judgment lien may attach and, thus, the lien should be avoided in full. For the following reasons, the court concludes that the Mangolds are entitled to Weston R. Mangold's $5,000.00 exemption in the residence and no reduction in the value of the property for hypothetical costs of sale. As such, the court finds $4,876.53 in value to which Liebert's lien may attach.

■ The Mangolds assert entitlement to a $10,000.00 exemption for their residence under Ohio Rev.Code § 2329.66(A)(1)(b) which allows a person to hold as exempt that person's "interest," not to exceed $5,000.00, in real property used as a residence. The requested $10,000.00 exemption is based on a $5,000.00 exemption for Weston Mangold's interest and a $5,000 exemption for Angela Mangold's interest in the Eagle Creek property. However, Liebert asserts that Angela Mangold is not

entitled to an exemption in the Eagle Creek property because, at the time Liebert's judgment lien attached, she had no legal interest in the property. The court agrees.

The law is clear that a debtor must have an interest in a parcel of property at the time a judgment lien attaches in order to be eligible for the exemption. *See Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Weeks v. Pederson (In re Pederson)* 230 B.R. 158, 163 (9th Cir. BAP 1999). Angela Mangold did not acquire joint survivorship rights in the property until December 21, 1998 more than two months after Liebert's lien attached. Thus, she is not entitled to a $5,000.00 homestead exemption against Liebert's lien. The court holds that the Mangolds are entitled to only Weston Mangold's $5,000.00 exemption in the Eagle Creek residence.

■ In addition, this court agrees with those cases disallowing estimated costs of a hypothetical sale in a lien avoidance determination. *See In re Sumerell*, 194 B.R. 818, 827 (Bankr.E.D.Tenn.1996); *Anderson v. Lucidore (In re Anderson)*, 68 B.R. 313, 314 (Bankr.W.D.Pa.1986). A debtor's exemption is recognized to allow the debtor to retain the property. The debtor's rights are satisfied by the allowance of the full amount of the exemption. *Anderson*, 68 B.R. at 314. Thus, the court denies the Mangolds' request that the court reduce the value of their home to take into consideration the likelihood of a real estate agent's commission, and other costs of sale, should the residence be sold.

■ Based on the above reasoning, the figures used to determine the extent of the impairment on the Mangolds' exemption in the Eagle Creek property are as follows:

| | |
|---|---|
| Value of property at 7315 Eagle Creek: | $152,500.00 |
| Subtract: | |
| First mortgage balance | ($142,623.47) |
| Claimed exemption | ($ 5,000.00) |
| **Equity Remaining** | **$ 4,879.53** |

Using these figures, the court concludes that there exists $4,876.53 in equity to which Liebert's lien is attached.

### B. Rental property at 5103 Belle Isle Drive

■ The second property at issue is the Mangolds' rental property at 5103 Belle Isle Drive. The value of this property is $44,000.00. In addition, Weston Mangold testified that the Mangolds owe $36,164.31 on a first mortgage on the property and $6,000.00 on a second mortgage. However, cross examination during the hearing revealed that Weston Mangold satisfied the second mortgage post-petition by placing the balance on a credit card.

Liebert objects to the inclusion of the $6,000.00 second mortgage in the lien avoidance calculation because the second mortgage no longer exists. In opposition, the Mangolds assert that the $6,000.00 mortgage did exist at the time of the filing of the bankruptcy and, thus, the second mortgage should be considered in the lien avoidance calculation. While 11 U.S.C. § 522(a)(2) indicates that the "value" of the property should be determined at the date the petition is filed, courts have split in their decisions regarding when to determine the value of the liens against the property. *See In re Waldman*, 81 B.R. 313, 318 (Bankr.E.D.Pa.1987) (value both the property and the amount of the liens as of the date the bankruptcy petition is filed); *contra In re Parenteau*, 23 B.R. 289, 291 (1st Cir. BAP 1982) (value the amount due on the mortgage as of the date of the hearing). The court concludes that a mortgage no longer existing at the date of the hearing should not be included in an impairment calculation. As such, the court will deny the Mangolds' request to include the $6,000.00 mortgage in its determination.

■ Both Angela and Weston Mangold request a $400.00 "wild card" exemption in the Belle Isle property under Ohio Rev. Code § 2329.66(A)(18). As both Weston and Angela Mangold had an interest in the

rental property on Belle Isle prior to the attachment of Liebert's lien, the Mangolds are eligible for the $800.00 exemption.

Based on the above analysis, the figures for use in the lien avoidance calculation on the Belle Isle property are as follows:

| | |
|---|---|
| Value of property at 5103 Belle Isle Drive: | $44,000.00 |
| Subtract: | |
| First mortgage balance: | ($36,164.31) |
| Claimed exemptions: | ($ 800.00) |
| **Equity Remaining** | **$ 7,035.69** |

Based on this calculation there is $7,035.69 in equity in the 5103 Belle Isle Drive property to which Liebert's lien is attached.

## CONCLUSION

The court concludes that there exists $11,912.22 ($4,876.53 + $7,035.69) in equity in both properties to which Liebert's lien attaches. The remainder of Liebert's lien ($171,818.62 − $11,912.22 = $159,906.40) impairs the Mangolds' exemptions and is avoided. Therefore, the court orders $159,906.40 of Liebert's lien avoided and treated as an unsecured claim in the bankruptcy.

**It is so ordered.**