**In re Margaret RICHARDSON, Debtor.**

**No. 01–11229.**

United States Bankruptcy Court,
S.D. Alabama.

May 23, 2001.

John A. Lockett, Jr., Selma, AL, for Debtor.

J. Gullatte Hunter, III, Montgomery, AL, for Fidelity Financial Services.

John C. McAleer, Mobile, AL, Chapter 13 Trustee.

### ORDER SUSTAINING OBJECTION TO CONFIRMATION

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the objection of Fidelity Financial Services ("Fidelity") to confirmation. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the

reasons indicated below, the Court is sustaining the objection of Fidelity to confirmation

## FACTS

In April of 2000, Fidelity obtained and recorded a judgment against Margaret Richardson in the amount of $10,021.07. On March 13, *2001,* Richardson filed for relief pursuant to chapter 13 of the Bankruptcy Code. Fidelity filed a claim in the amount of $11,729.47. Richardson's schedules listed the judgment as an unsecured, nonpriority claim and her plan proposed to pay unsecured claims 1% pro rata. The only real property Richardson owns is her homestead, the value of which she listed as $30,500.00. That amount is the property tax assessment value. There is a mortgage on the property in the amount of $23,559.55. Richardson has claimed a homestead exemption in the property in the amount of $5,000. Fidelity has objected to the plan on the basis that "Debtor has sufficient property over and above Debtor's exemptions for the judgment lien of Fidelity to attach." Fidelity alleges that its claim is improperly treated as a completely unsecured claim under the plan. Richardson argues that this Court should take into account the costs of sale when calculating debtor's equity in the property and, therefore, there is nothing for Fidelity's lien to attach to above the mortgage, homestead exemption, and estimated cost of sale. Fidelity's claim is unsecured.

## LAW

The issue before the Court is whether the hypothetical costs of sale should be taken into account in determining the amount of debtor's equity in her homestead property under § 522. Richardson argues that Fidelity's lien impairs her homestead exemption and she should be able to avoid the lien under § 522(f). Section 522(f) gives some guidance on the issue. It states that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption ..." Then § 522(f)(2)(A) describes when a lien impairs an exemption. It states that the lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Can Richardson avoid the lien of Fidelity because the equity remaining after deducting her homestead exemption is not more than the estimated amount it would cost to sell the property? Section 522(f)(2)(A) is not clear on this point. A few courts have held that the value of the property is the amount that would be realized in a bankruptcy liquidation sale and thus, costs of sale are to be considered in calculating debtor's equity in the property. See, e.g., *In re Smith,* 117 B.R. 326 (Bankr.S.D.Ohio 1990); *In re Walsh,* 5 B.R. 239 (Bankr. D.D.C.1980). However, the overwhelming majority of courts disagree. See, e.g., *In re King,* Case No. 00–3564–DHW (Bankr. M.D.Ala. September 27, 2000) (unpublished opinion); *In re Mangold,* 244 B.R. 901 (Bankr.S.D.Ohio 2000); *In re Sheth,* 225 B.R. 913 (Bankr.N.D.Ill.1998); *In re Colson,* 221 B.R. 162 (D.Md.1997); *In re Sumerell,* 194 B.R. 818 (Bankr.E.D.Tenn. 1996); *In re Abrahimzadeh,* 162 B.R. 676 (Bankr.D.N.J.1994); *In re Yackel,* 114 B.R. 349 (Bankr.N.D.N.Y.1990); *In re Windfelder,* 82 B.R. 367 (Bankr.E.D.Pa. 1988); *In re Anderson,* 68 B.R. 313 (Bankr.W.D.Pa.1986); *In re Rehbein,* 49 B.R. 250 (Bankr.D.Mass.1985); *In re Nel-*

*lis,* 12 B.R. 770 (Bankr.D.Conn.1981). This Court agrees with those cases disallowing estimated costs of a hypothetical sale in a lien avoidance determination. The reasoning of the cases is discussed below.

Section 522(a)(2) defines "value" as the fair market value as of the date of the filing. The statute does not list costs of sale as an amount to be considered in the calculation. In addition, § 506(a) provides that an allowed claim of a creditor secured by a lien on property:

> is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,... and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property... (emphasis added)

This Court finds that Richardson is "inappropriately applying liquidation considerations to a non-liquidation valuation." *In re Sumerell,* 194 B.R. at 827. Where the debtor is retaining the property there is no burden of the costs of sale. *Id.; In re Anderson,* 68 B.R. at 314. The debtor's rights are satisfied by allowing the full amount of the exemption without considering the likelihood of costs in the event the residence were sold. *In re Mangold,* 244 B.R. at 905.

Based on the above reasoning, the figures used to determine the equity remaining after deducting debtor's homestead is as follows:

| | |
|---|---|
| Value of property | $30,500.00 |
| Mortgage on property | − $23,559.55 |
| Homestead | − $ 5,000.00 |
| Equity remaining | $ 1,940.45 |

Using these figures, the Court concludes that there is $1,940.45 in equity in which

Fidelity's lien is attached. Fidelity's Claim is not properly treated under the plan to the extent that $1,940.45 of it's claim is secured and should be paid in full.

THEREFORE, IT IS ORDERED AND ADJUDGED that the objection of Fidelity Financial Services, Inc. to confirmation of the plan of Margaret Richardson is SUSTAINED and the confirmation hearing on the plan is reset on June 28, 2001 at 11:00 a.m. in Selma, Alabama.